L. J. CHRISTOPHER COMPANY OF DELAWARE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17448. Promulgated February 13, 1933.

*George E. H. Goodner, Esq.*, for the petitioner.
*Nathan Gammon, Esq.*, for the respondent.

OPINION.

BLACK: Our findings of fact and opinion in this proceeding were promulgated October 2, 1928, and are reported at 13 B. T. A. 729.

On March 16, 1928, after this proceeding, together with proceedings in Docket Nos. 8931 and 16085, had been set for hearing at Los Angeles, California, on April 17, 1928, the respondent filed with the Board a motion asking that an order be made limiting the issues to be tried at the hearing to the issues defined in subdivisions (a) and (b) of Rule 62 of the Board. In other words, respondent moved that the hearing to be held in Los Angeles, California, be limited to issues not involving sections 327 and 328 of the Revenue Act of 1921. This motion was granted on the day on which it was filed. The fact that this motion had been filed and granted was at the beginning of the hearing brought to the attention of the presiding member of the Division to which the proceeding was assigned, at Los Angeles, and the Board's action in granting this motion was not revoked.

Although the effect of granting the motion of the respondent was to preclude both the petitioner and the respondent from submitting any evidence upon the question of the right of the petitioner to special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1921, the Division, without first setting another hearing at which evidence could be submitted, proceeded to render an opinion in which it denied the right of the petitioner to the benefits of section 328 of the Revenue Act of 1921. The decision was not reviewed by the Board.

On August 14, 1929, a petition for review was filed with the Court of Appeals of the District of Columbia.

On December 14, 1931, this proceeding was remanded to the Board for further proceedings not inconsistent with the opinion of

the Court of Appeals of the District of Columbia, which is reported at 55 Fed. (2d) 532.

It is now contended by petitioner that this reversal of the Board's decision amounts to a mandate to the Board to allow petitioner special assessment. We do not agree with this contention.

A reading of the opinion of the court in the light of the assignment of error to be decided, we think will show that the court did not intend to make its decision as broad as its statement of the issue would indicate. The court as a preface to its opinion stated the issues to be decided under enumerations (1) and (2). Issue (1) concerns waivers and the statute of limitations and is not relevant to any issue now to be decided. Issue (2) was stated by the court as follows:

Whether, in the absence of fraud or other irregularity, a circuit court of appeals may review a decision of the Board of Tax Appeals sustaining a determination by the Commissioner of Internal Revenue that the appellant was not entitled to have its profits taxes determined especially under sections 327, 328 of the Revenue Act of 1921. In other words was appellant entitled to have its profits tax computed under the provisions of sections 327 and 328 of the Revenue Act of 1921, and if so, whether or not appellant has waived the right to have that question reviewed on appeal.

We think the statement of the issue by the court in (2), as above quoted, was somewhat broader than the issue the court was about to decide. As already pointed out at the beginning of this opinion, the Board had granted respondent's motion to confine the hearings in the first instance to issues other than special assessment. This was, in fact, carried out at the hearing and neither party offered any evidence with especial reference to the issue of special assessment. Notwithstanding this state of facts, the Board erroneously rendered decision against petitioner on the issue of special assessment and naturally petitioner in its appeal to the Court of Appeals of the District of Columbia assigned this action of the Board as error. The attorneys for the Commissioner did not undertake to defend the action of the Board in passing upon and denying the claim for special assessment, conceding that it was error, but contended that petitioner lost its right to complain of the error by failing to file a motion with the Board asking for a rehearing, calling the attention of the Board to the error which it had committed. The Court of Appeals of the District of Columbia denied this contention of the Commissioner and, as we have stated, reversed the decision of the Board and remanded the proceeding for further proceedings not inconsistent with the opinion of the court. We construe this mandate to be an instruction to the Board to give the petitioner a hearing on the issue of special assessment, and this we have done.

An additional reason for adopting the above construction of the court's mandate and not adopting the construction which petitioner has urged upon us, is that the Supreme Court has held that the courts are without power to review the decisions of the Commissioner denying special assessment under sections 327 and 328. *Williamsport Wire Rope Co.* v. *United States*, 277 U. S. 551; *Duquesne Steel Foundry Co.* v. *Burnet*, 283 U. S. 799. We must assume that the court did not intend to do that which the Supreme Court has held it has no power to do.

On March 15, 1932, the proceeding came on for hearing, in compliance with the mandate of the court, before a Division of this Board, and at this hearing it was agreed between petitioner and respondent, without petitioner waiving in any manner its contention that the Board was specifically instructed by the mandate of the court to grant special assessment, that no new evidence would be offered by either party on the issue of special assessment, but that the issue should be submitted on the pleadings and the evidence of record in Dockets 8931, 16085, and 17448, heretofore heard and decided by the Board.

So the issue we have to decide is whether petitioner is entitled to special assessment under the facts proved at the hearing at Los Angeles, California, April 17–18, 1928, in Dockets 8931, 16085, and 17448. The facts proved at said hearing are set forth in our findings of fact, reported in 13 B. T. A. 730 to 736, to which reference is hereby especially made.

We have reexamined all the evidence offered at the original hearing and we find no reason to change the findings of fact promulgated October 2, 1928, and reported in 13 B. T. A., *supra*. Upon those facts we hold that petitioner has not shown that it is entitled to special assessment.

The assignments of error contained in the petition with reference to special assessment are as follows:

The determination of tax set forth in the notice of deficiency is based upon the following errors:

(a) The erroneous conclusion that the invested capital of the petitioner could be determined.

(b) The erroneous conclusion that there were present during the period, in the income and invested capital of the petitioner no abnormal conditions which would justify the bureau in computing the profits tax of petitioner under the provisions of Section 328 of the Revenue Act of 1921.

It is perfectly true, as said by the Court of Appeals of the District of Columbia, in its opinion above referred to, that when the L. J. Christopher Company of California transferred its assets to the L. J. Christopher Company of Delaware, the latter corporation acquired a mixed aggregate of tangible and intangible assets for

stock and cash. The nature of the assets conveyed by the California corporation to the Delaware corporation are set out in the bill of sale which reads as follows:

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, L. J. CHRISTOPHER COMPANY, a corporation, organized and existing under and by virtue of the laws of the State of California, hereinafter referred to as the vendor, of the one part, hereby grants, conveys and assigns to L. J. CHRISTOPHER COMPANY, a corporation, organized and existing under and by virtue of the laws of the State of Delaware, hereinafter referred to as the vendee of the other part, all that certain personal property consisting of the stock of goods, wares, and merchandise, materials, manufactured articles, machinery, trucks, equipment, and all personal property owned by the vendor herein and which is now in and about those certain premises heretofore operated by said vendor on Lots 1, 2, 3, 9, 10, and 11, of Tract No. 2651, in Los Angeles City, and all property, including good will, owned by said vendor, save and except real estate (including buildings) and cash (including bills and accounts of every kind outstanding). It is understood and agreed between said parties that all of the said properties are free from encumbrances.

[Signed]       L. J. CHRISTOPHER CO.,
*a California Corporation.*
By L. J. CHRISTOPHER, *Pres.*
ALFRED BEAUDRY, *Secr.*

For these assets petitioner paid $125,000 in cash and $125,000 in preferred stock. There is no evidence as to the separate values of the property conveyed by the above quoted bill of sale. There is no evidence of the values of such property as set upon the books of petitioner.

Presumably these values were equal to the price which petitioner paid for such property, but whether that is true or not, petitioner was entitled to include the price paid for them as invested capital, subject to whatever limitations are imposed by section 326 of the Revenue Act of 1921. There is no evidence that respondent imposed any limitations under said section in computing petitioner's invested capital, and so far as the facts before us show, respondent allowed petitioner invested capital to the extent of every cent it paid for the assets which it acquired by the bill of sale.

Now it is perfectly true that if the Commissioner, because of the fact that this mixed aggregate of tangible property and intangible property was paid in for petitioner's stock, was unable satisfactorily to determine the respective values of the several classes of property at the time of payment or to distinguish the classes of property paid in for petitioner's stock, petitioner would be entitled to special assessment, as provided in section 328 of the Revenue Act of 1921. But we have searched the entire record carefully and we find nothing to show that the Commissioner labored under any such inability. On the contrary, the Commissioner appears to have allowed peti-

tioner all the invested capital to which it has shown itself entitled under the law. The record shows that respondent allowed petitioner invested capital for 1921 of $279,745.85.

In the case of *Cramer & King*, 13 B. T. A. 399; affirmed in 41 Fed. (2d) 24, where a taxpayer was seeking special assessment on the ground that installation costs of machinery had been charged to expense but there was no evidence that such costs could not be determined, the Board denied special assessment, holding that a taxpayer should be held to a reasonable diligence in determining its invested capital and it is only after a showing of reasonable diligence and the resulting inability then to establish invested capital that the relief provisions would be applied. Special assessment was denied for the same reason in *Edwin M. Knowles China Co.*, 9 B. T. A. 1292, and *Duquesne Steel Foundry Co.*, 15 B. T. A. 467; affd., 41 Fed. (2d) 995; 283 U. S. 799, where no proof was submitted of invested capital allowed by the Commissioner, nor the basis used in its computation. Cf. *Cohn Goldwater Co.*, 15 B. T. A. 970; *Semon Bache Co.*, 20 B. T. A. 275.

All that petitioner has shown in the instant case in respect to its invested capital is that a mixed aggregate of tangibles and intangibles was paid in for petitioner's stock, but it has certainly not proved that the Commissioner was either unwilling or unable to determine the respective values of the property so paid in. We have no evidence before us showing or tending to show that the Commissioner has failed to allow petitioner all the invested capital to which it is entitled under the law. We find no evidence in the record showing either an abnormality of income or an abnormality of invested capital and this being the state of the evidence, special assessment is denied.

Reviewed by the Board.

*Decision will be entered for the respondent.*